# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **Jiyoung Kwon,**<br>Kent, WA<br><br>　　　　　　**Plaintiff,**<br><br>　　　　v.<br><br>**Automation Research, Inc. d/b/a DataVerify,**<br>250 E Broad St Ste 1900,<br>Columbus, OH, 43215<br><br>　　　　　　**Defendant.** | :<br>:<br>:<br>:<br>: **COMPLAINT: FAIR CREDIT**<br>:<br>: **REPORTING ACT**<br>:<br>:<br>:<br>: **JURY TRIAL DEMAND**<br>:<br>:<br>:<br>:<br>:<br>: |

## Preliminary Statement

1. This is an action for damages brought by an individual consumer against Automation Research, Inc., d/b/a DataVerify ("DataVerify") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA").

2. The purpose of the FCRA is to protect consumers by ensuring "fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." Boggio v. USAA Federal Sav. Bank, 696 F3d 611, 614 (6th Cir. 2012) (quoting Safeco Ins. Co. v. Burr, 551 U.S. 47, 52 (2007).

3. To achieve this purpose, "Congress chose to require consumer reporting agencies to 'follow reasonable procedures to assure maximum possible accuracy of the information about whom the report relates." Bryant v. TRW, Inc., 689 F.2d 72, 77 (6th Cir. 1982); Section 1681e(b).

4. Plaintiff is a consumer and Defendant is a consumer reporting agency within the meaning of the FCRA.

5. This is a "mixed file" case where the Plaintiff was unable to obtain a mortgage because Defendant included within Plaintiff's consumer reports information of a court judgment

that belonged to another individual.

6. A mixed file occurs when a CRA inaccurately includes information belonging to one consumer within the credit files of another consumer to which the information does not belong. F.T.C v. TRW, Inc., 784 F. Supp. F. Supp. 361, 362 (N.D. Tex. 1991).

7. Accordingly, as set forth in more detail below, Plaintiff alleges violations and damages against DataVerify for violations of the FCRA.

## Jurisdiction and Venue

8. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, and 28 U.S.C. §1331, 1337 and 1391.

9. Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

## Parties

10. Plaintiff Jiyoung Kwon is an adult individual who resides in Kent, WA.

11. Defendant DataVerify is a business entity that regularly conducts business in the District of Ohio, with a place of business located at 250 E Broad St., Ste 1900, Columbus, OH, 43215.

## Facts

12. Defendant has repeatedly reported derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information"). The inaccurate information includes but is not limited to a false debt collected against Plaintiff and reported by Defendant to third parties.

13. An individual named "Jiyoung Choi" had been a resident at an apartment complex located at 40 Newport Parkway, Jersey City, NJ ("Newport Parkway Apartments"). That individual allegedly owed approximately $2,661.00 to NC Housing Associates – the entity believed to manage the Newport Parkway Apartments.

14. On October 21, 2020, NC Housing Associates initiated an action in New Jersey

Superior Court, Hudson County, Landlord Tenant/Special Civil Part for the allegedly outstanding amount (LT-006759-20) (the "NJ LT Action") against "Jiyoung Choi". See the Special Civil Part Case Summary from the Hudson County Superior Court is attached as **Exhibit "A"**; see also the Verified Complaint Landlord/Tenant filed by NC Housing Associates is attached as **Exhibit "B"**.

15. On January 11, 2021, the NJ LT Action was dismissed, and no judgment was entered against Jiyoung Choi. See the Request for Dismissal submitted by counsel for NC Housing Associates attached as **Exhibit "C"**.

16. The defendant in the NJ LT Action is not Plaintiff. Plaintiff was residing in Washington at the time the alleged debt accrued. Plaintiff last lived in the New Jersey area in approximately 2008 before moving to Washington State.

17. Plaintiff's maiden name is "Choi", and she previously went by the name "Ji Y. Choi". Further, Plaintiff, last lived at Newport Parkway Apartments in approximately 2005 - approximately 17 years ago. When Plaintiff vacated the Newport Parkway Apartments, she did not owe any debt, including any debt to NC Housing Associates or any other entity that may have managed the Newport Parkway Apartments.

18. Despite the alleged debt not belonging to Plaintiff, LexisNexis ("LN") misidentified Plaintiff as the named defendant in the NJ LT Action and prepared a consumer report with the inaccurate NJ LT Action information and provided it to DataVerify. DataVerify then prepared its own consumer report, including the inaccurate LN information, and supplied it to a mortgage lender as Plaintiff and her husband were attempting to obtain a new mortgage.

19. Not only did the NJ LT Action involve an individual other than Plaintiff – but the NJ LT Action was further inaccurate because DataVerify reported that the Action resulted in a judgment against Plaintiff, when the action was ultimately dismissed.

20. The inaccurate information has repeatedly appeared on Plaintiff's consumer report provided by DataVerify. Defendant failed to institute or adhere to policies and procedures that could have prevented the reporting of the inaccurate information.

21. Upon information and belief, the inaccurate information resulted from the improper acquisition of information by Defendant all stemming from their information retrieval procedures in New Jersey. The information retrieval process utilized to acquire the inaccurate information of Plaintiff is believed to be repeated, continuous and electronic.

22. Defendant knew or should have known that its actions violated the FCRA. Additionally, Defendant could have taken the steps necessary to bring their agents' actions within compliance of the statutes but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

23. Plaintiff's credit report and file have been obtained from DataVerify and have been reviewed by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving credit offers and opportunities, known and unknown. Plaintiff's credit reports have been obtained from DataVerify by such third parties. Plaintiff has also suffered increased interest rates, reduced opportunities for financing, and increased insurance premiums as a substantial result of Defendant reporting of the inaccurate information.

24. Because of Defendant's conduct, Plaintiff has suffered actual damages in the form of credit denial or loss of credit opportunity, credit score reduction, informational harm, privacy harm, credit defamation and emotional distress, including, but not limited to, anxiety, frustration, embarrassment, and humiliation.

25. At all times pertinent hereto, Defendant was acting by and through their agents,

servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

26. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of Plaintiff.

**Count One – Violations of the FCRA**
**Plaintiff v. DataVerify**

27. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

28. At all times pertinent hereto, DataVerify is a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

29. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

30. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

31. The Defendants have violated numerous provisions of the FCRA for their improper actions, including but not limited to Sections 1681e(b), 1681i(a) and 1681b of the FCRA. Defendants willfully and negligently violated the FCRA and are liable for damages to Plaintiff pursuant to Section 1681n and 1681o of the FCRA.

32. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

33. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

- a. Actual damages;
- b. Statutory damages;
- c. Punitive damages;
- d. Costs and reasonable attorneys' fees; and
- e. Such other relief as may be necessary, just and proper.

**THE KIM LAW FIRM, LLC**

*/s/ Richard H. Kim*
*(Pro hac vice* to be filed*)*
Richard Kim, Esquire
1635 Market St., Suite 1600
Philadelphia, PA 19103
Ph. 855-996-6342/Fax 855-235-5855
rkim@thekimlawfirmllc.com

*/s/ Edward A. Icove* (0019646)
Edward A. Icove
Icove Legal Group, Ltd.
Terminal Tower, Suite 3220
50 Public Square,
Cleveland, Ohio 44113
Ph. 216-802-0000/Fax 216-802-0002
ed@icovelegal.com

*Attorneys for Plaintiff Jiyoung Kwon*

Dated: January 16, 2023